# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| **BRIA L. YOUNG,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00022 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **K. PERKINS, ET AL.,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |
| ) | |

*Bria L. Young, Pro Se Plaintiff; Laura H. Cahill, Assistant Attorney General,* CRIMINAL JUSTICE & PUBLIC SAFETY DIVISION, OFFICE OF THE ATTORNEY GENERAL, *Richmond, Virginia, for Defendants.*

The plaintiff, Bria L. Young, a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983, complaining that the defendants used excessive force and failed to respect her privacy. Some defendants have filed an Answer to Young's Complaint, while others have filed a Motion to Dismiss, to which Young has responded.[1] After review of the record, I conclude that the Motion to Dismiss must be granted.

---

[1] Young identifies as a transgender individual, and although she has been housed at male prison facilities, she uses female pronouns to refer to herself.

## I.  BACKGROUND.

The claims in this action arose when Young was confined at Dillwyn Correctional Center (Dillwyn), a prison facility operated by the Virginia Department of Corrections (VDOC).  Young alleges generally that Lieutenant A. Hucks wrote at least ten "bogus charges" against her while she was at Dillwyn, but she "beat them all!"  Compl. 10, ECF No. 1.[2]  She believed Hucks targeted her because she is transgender.  Young asked Investigator Sergeant Jenkins if she could "talk to PREA (#55)"[3] about Hucks.  Jenkins allegedly warned Young that he did not believe "it was a PREA issue" and, as such, that she might be charged for calling PREA about Hucks's actions.  *Id.*  Nevertheless, Young called PREA.  The next day she was charged with misuse of the telephone services.[4]

---

[2]  Citations to page numbers of documents will refer to the number assigned to the pages of those documents by the court's electronic filing system.

[3]  This acronym refers to the Prison Rape Elimination Act, under which prisons are directed to provide inmates opportunities to report sexual offenses.

[4]  Young attaches to her Complaint many documents — photocopies of grievance documents and disciplinary proceedings.  Some of these documents may contain additional facts about events related to her allegations against some of the defendants.  Neither the court nor the defendants can be expected to comb through these documents to select facts and construct claims that are not clearly stated in the Complaint.  If Young wishes to add facts from these documents or from her response to the defendants' motion to her claims in the Complaint, she may move for leave to file an Amended Complaint.  An Amended Complaint would replace her current Complaint and should clearly *state all the facts* that she wishes to have considered in this case against any defendant.  She may also attach documents in support of those facts.

On September 23, 2021, Young called PREA and said she feared for her life "because of the threats and how [she] was always being targeted by the high ranking correctional officials." *Id.* at 11.  Less than an hour later, Lieutenants Huck, Bayne, and Eldridge[5] allegedly "slammed [Young] on [her] face [in] the yard shack, for not wearing [her] mask properly." *Id.*  Thereafter, she was taken to another area and allegedly punched in the ribs.  Young states that she became scared and resisted the officers' efforts to restrain her.  Someone allegedly threatened to "beat the hell out" of her.  *Id.*  She was then placed in shackles allegedly "so tight they were cutting" her and was then "carried . . . like a pig into the strip cell."  *Id.* at 12.

Female officers, Sergeant Copeland and Officer Smith, removed Young's clothes and female underwear.  Their actions allegedly caused bruises and cuts to Young's neck, pain in her breasts, and a cut on her penis.  Young remained in the cell, "naked strapped to a bed with a turtle suite [sic] laid over" her.  *Id.* at 13.  She alleges that her ribs were black and blue, and that male officers viewed her exposed body.

---

In Young's submissions, she asks the court to investigate the evidence about her claims.  Young is advised that she, as the plaintiff, is responsible for gathering and presenting to the court any evidence in support of her claims.  Under the Federal Rules of Civil Procedure governing discovery, Young may serve on the defendants' counsel separate written requests for production of specific documents (including video clips), interrogatories, or admissions.  Fed. R. Civ. P. 31, 33, 34.

[5] In the Complaint, Young refers to these officers as Bains and Eldrige.  But in the defendants' responses, their last names are given as Bayne and Eldridge.  I will ask the Clerk to amend the docket.

Based on this purported sequence of events, Young filed a § 1983 lawsuit against Dillwyn officials.  She seeks declaratory relief and compensatory and punitive damages, and asks that all video footage of the incident be preserved.[6]  She is currently confined at Keen Mountain Correctional Center.

## II.  DISCUSSION.

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all *factual* allegations in the complaint as true.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  To survive a motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

---

[6]  In Young's response to the defendant's motion, ECF No. 23, she asserts that officers used personal cell phones to video the incident.  This allegation does not appear in the Complaint.

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). In a § 1983 case, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).[7] "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019).

The following defendants named in Young's Complaint move for dismissal of her claims against them: Warden Walker, Assistant Warden Schlobohm, Major Creasy, Unit Manager Swan, Captain Mills, Captain Searrett, Sergeant Ligon, and Officers West, Njoh, Scott, Skipwith, K. Perkins, L. Currin, J. Johnson, and S. Powell. Young has not identified any specific, alleged misconduct with respect to any of these defendants. The only place in the Complaint where Young mentions these defendants is in her list of defendants. Compl. ¶¶ 4–9, 12,15–22, ECF No. 1.

---

[7] I have omitted citations, internal quotation marks, and alterations here and throughout this Opinion and Order, unless otherwise noted.

In this list, Young alleges that Walker, Schlobohm, Creasy, and Swan, because of their supervisory roles, are responsible for the general welfare of inmates and the conduct of prison employees. With respect to Mills, Searrett, Ligon, West, Njoh, Scott, Skipwith, Perkins, Currin, Johnson, and Powell, Young merely alleges that they were employees of VDOC, assigned to Dillwyn. Young has failed to allege that these defendants had any involvement with her or did (or failed to do) anything in violation of her constitutional rights.

Other defendants in this case have responded to Young's Complaint by filing an Answer. Even assuming, however, that Young's allegations may state a plausible claim that one or more of these other defendants violated her constitutional rights, supervisory officials may not be held vicariously liable for subordinates' actions under § 1983. *Iqbal*, 556 U.S. at 676 (In a § 1983 case, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Young's Complaint fails to show that any of the supervisory officials (Walker, Schlobohm, Creasy, and Swan) were present during the incident or otherwise acted in a manner to support a claim of supervisory liability under § 1983.

In summary, the allegations in the Complaint against defendants Walker, Schlobohm, Creasy, Swan, Mills, Searrett, Ligon, West, Njoh, Scott, Skipwith, Perkins, Currin, Johnson, and Powell do not include sufficient facts from which the

court could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Thus, Young's Complaint does not state a plausible claim against any of them. For the reasons stated, I will grant the defendants' Motion to Dismiss.

### III. CONCLUSION.

According to the foregoing, it is hereby **ORDERED** as follows:

1. The defendants' Motion to Dismiss, ECF No. 19, is GRANTED, and the Clerk will terminate the following individuals as parties to this action: Walker, Schlobohm, Creasy, Swan, Mills, Searrett, Ligon, West, Njoh, Scott, Skipwith, Perkins, Currin, Johnson, and Powell;

2. The Clerk will update the docket to indicate that defendant Bayne is also referred to as Bains and that defendant Eldrige is actually Eldridge; and

3. Defendants Hucks, Jenkins, Copeland, Bayne, and Eldridge are DIRECTED to file any motion for summary judgment within thirty days from the entry of this Order, or the case will be set for a jury trial.

ENTER:   November 28, 2022

/s/  JAMES P. JONES
Senior United States District Judge