# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRIA L. YOUNG,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22CV00022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **K. PERKINS, ET AL.,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Bria L. Young, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, suing officials at Dillwyn Correctional Center (Dillwyn). I referred this case to the magistrate judge, the Honorable Pamela Meade Sargent, for the purpose of mediation. Young has filed a separate motion seeking interlocutory injunctive relief, based on later events that occurred at another prison in which the defendants were not involved. After review of the record, I must deny Young's motion.[1]

The claims remaining in this lawsuit allege that while Young was confined at Dillwyn, Lieutenant A. Hucks wrote several bogus disciplinary charges against her because of her transgender status. When Young reported Hucks's actions as sexual

---

[1] Young identifies as a transgender inmate and uses feminine pronouns when referring to herself.

misconduct, she was charged with misuse of telephone services. She alleges that in September 2021, Hucks and defendants Bayne and Eldridge used excessive force against her for not wearing her mask properly. When she resisted, defendants Copeland and Smith (female officers) roughly removed her clothing and strapped her to a bed.

Young's motion seeking interlocutory injunctive relief alleges that at Keen Mountain Correctional Center (Keen Mountain), a prison where she was confined after leaving Dillwyn, an officer used excessive force against her when she asked him to return her shorts. The officer confiscated the shorts, saying they were "too small for a man to wear." Mot. 2, ECF No. 33. Young states that she fears for her life as a transgender female in any male prison in the Virginia Department of Corrections (VDOC) system. She also asserts that VDOC officers hate her because of her skin color. She wants to be transferred to Sussex State Prison or to Boston, Massachusetts, based on her belief that transgender prisoners are better treated at these locations.

"[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the

conduct asserted in the complaint." *Id.* (internal quotation marks and citation omitted).

Young's motion fails to make these showings. The events at issue in her motion involve events at a different prison that occurred months after the events alleged in the Complaint. Moreover, the events alleged in the motion involved individuals not named as defendants in this lawsuit and bear no relation to the facts at issue in this case. Based on this record, I cannot find that Young has stated facts showing a sufficient relationship between the claims in the Complaint and the basis for her interlocutory relief motion.

For the reasons stated, it is **ORDERED** that the motion seeking interlocutory relief, ECF No. 33, is DENIED.

ENTER: July 18, 2023

/s/ JAMES P. JONES
Senior United States District Judge